IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROMA L. SIMS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 2:15-cv-2391
Crim. No. 2:13-cr-0036
**CHIEF JUDGE SARGUS**
**Magistrate Judge King**

## OPINION AND ORDER

On December 22, 2016, the Magistrate Judge denied Petitioner's request for an evidentiary hearing and recommended that the *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 134) be dismissed. *Order and Report and Recommendation* (ECF No. 158.) Petitioner objects to that recommendation. *Objection* (ECF No. 160.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 160) is **OVERRULED**. The *Order and Report and Recommendation* (ECF No. 158) is **ADOPTED** and **AFFIRMED**. The *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 134) is **DISMISSED**. Petitioner's request for an evidentiary hearing is **DENIED**.

Petitioner was convicted, pursuant to a negotiated *Plea Agreement* (ECF No. 69), to conspiracy to engage in fraudulent activity in connection with personal identification information, wire fraud, and use of the personal identity information of other persons in order to commit criminal violations. On August 25, 2014, the Court imposed an aggregate sentence of 100 months' incarceration, plus three years' supervised release, and ordered restitution in the amount of $3,517,534.00. *Judgment* (ECF No. 130.) In now attacking his conviction and sentence, Petitioner alleges that the Court improperly sentenced him by considering tax and

personal identifying information outside the charged conspiracy and terms of his *Plea Agreement* (claim one); that he was denied due process because the Court failed to make reasonable loss amount calculations and improperly increased his sentence and loss amount (claim two); that he was denied due process because of an unfair apportionment of the amount of restitution among the co-defendants (claim three); that he was denied the effective assistance of counsel during plea negotiations and at sentencing (claim four); that there was an unwarranted sentencing disparity between Petitioner and his co-defendants (claim five); that he was denied a fair trial because of a malicious prosecution (claim six); and that his guilty plea was not knowing, intelligent, or voluntary (claim seven). The Magistrate Judge recommended dismissal of claims one, two, three, five, and seven as procedurally defaulted and dismissal of the remainder of Petitioner's claims as without merit.

In his objections, Petitioner raises the same arguments that he previously presented. Petitioner argues that the Court should conduct an evidentiary hearing in order to engage in a scientific analysis of the tax returns and to permit him to establish that the government miscalculated the total loss figures. Petitioner insists that he did not intend to violate the law, but that he did so only after he came under the scrutiny of bank branch managers and felt the need to cut corners in order to pay existing clients by stealing from others. He now regrets that decision, but maintains that not all of the tax returns filed from his I.P. address and included in the charged conspiracy were fraudulent. He contends that the government grossly overstated the amount of loss attributable to him and he complains that his attorney improperly failed to raise the issue because defense counsel did not review discovery material. Petitioner again argues that restitution was not fairly apportioned, and that there exists an unwarranted sentencing disparity between Petitioner and his co-defendants, again due to the ineffective assistance of his counsel.

Petitioner represents that he told his attorney that he did not want to accept the government's plea offer because of the inflated loss calculations, but that defense counsel told him to just "sign it," and they would review his objections at the sentencing hearing. *Response to Report and Recommendation* (ECF No. 160, PageID# 637.) Petitioner was under the misapprehension "that there would be a meeting of some sort to iron out the discrepancies in the plea agreement before sentencing." *Id*. Petitioner further complains that his attorney failed to properly counsel him regarding the filing of an appeal. He maintains that the interests of justice warrant relief.

Upon a careful review of the entire record, and for the reasons that have been well detailed in the Magistrate Judge's *Report and Recommendation*, the Court is not persuaded by Petitioner's arguments. Petitioner waived claims one, two, three, five, and seven by failing to present those claims on direct appeal. *See United States v. Frady*, 456 U.S. 152, 165 (1982)("[A] collateral challenge may not do service for an appeal.")(citations omitted). Moreover, Petitioner failed to establish cause and prejudice for this procedural default. The record fails to reflect the denial of the effective assistance of counsel under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), and Petitioner has failed to establish that, but for counsel's errors, he would not have pleaded guilty, but would instead have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). The transcript indicates that Petitioner knowingly, intelligently, and voluntarily entered his guilty plea with a full understanding of the amount of restitution at issue. Petitioner admitted his guilt and agreed to facts indicating that, between at least 2009 through January 31, 2013, he had originated and had conspired with Samantha Towns, Robert Earthman, and others, to execute a fraudulent federal tax refund scheme which had generated over $3.5 million in false refunds. *Transcript, Excerpt, Statement of Facts* (ECF No. 123, PageID# 439-440.) Petitioner's current allegations to the contrary lack record support and

3

are unworthy of credit. At sentencing, Petitioner's counsel raised an issue regarding an unwarranted sentencing disparity, but this Court rejected that argument. *Transcript of Sentencing* (ECF No. 136, PageID# 505-06, 512-14.) The record reflects that the charges involved 977 victims, and the filing of approximately 977 fraudulent tax returns for tax years 2010 through 2012, resulting in the issuance by the IRS of approximately $3.5 million in unwarranted tax refunds. *See Presentence Investigation Report*, ¶ 23. The record indicates that, of the $3,517,539.00 in restitution ordered, $1,312,513.89 was to be paid jointly and severally by the co-defendants in this case. *Judgment* (ECF No. 130, PageID# 465.) Further, the record offers no support for the suggestion that the government could not have established the charges against Petitioner. Pursuant to the terms of his *Plea Agreement*, Petitioner secured the dismissal of numerous charges against him, thereby dramatically decreasing his potential prison exposure, and he ultimately obtained a sentence that fell well below that which had been recommended. Petitioner indicated, under oath, that he understood his right to appeal his sentence, and yet he stated that he did not wish to file an appeal. *Transcript of Sentencing* (ECF No. 136, PageID# 515-16.)

The record fails to reflect that an evidentiary hearing is required to resolve Petitioner's claims. "[A] § 2255 movant has the burden of proving the substance of his allegations by a preponderance of the evidence and a district court is not required to hold an evidentiary hearing on the basis of conclusory allegations." *Jones v. United States*, No. 4:06–cr–029, 4:09–cv–007, 2012 WL 360094, at *5 (E.D.Tenn. Feb.2, 2012)(citing *Ashley v. United States*, 17 F. App'x 306, 308 (6th Cir. 2001); *Tucker v. United States*, 423 F.2d 655, 656 (6th Cir. 1970); *United States v. Orlando*, 327 F.2d 185, 188 (6th Cir. 1964); *Malone v. United States*, 299 F.2d 254, 255 (6th Cir.

4

1962)). Such are the circumstances here.  Petitioner's allegations are either unsupported or contradicted by the record.

For these reasons, and for the reasons detailed in the Magistrate Judge's *Order and Report and Recommendation*, Petitioner's *Objection* (ECF No. 160) is **OVERRULED**.  The *Order and Report and Recommendation* (ECF No. 158) is **ADOPTED** and **AFFIRMED**.  The *Motion to Vacate under 28 U.S.C. § 2255* (ECF No. 134) is **DISMISSED**.  Petitioner's request for an evidentiary hearing is **DENIED**.

**IT IS SO ORDERED.**

1-30-2017
DATE

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**