**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

  v.                        **Case No. 2:13-cr-036(1)**

                                 **JUDGE EDMUND A. SARGUS, JR.**

**ROMA LEO SIMS,**
    **Defendant.**

## OPINION AND ORDER

The matter before the Court is Defendant Roma Leo Sims' ("Defendant") *pro se* Motion for Compassionate Release. (ECF No. 182). Counsel has since appeared on behalf of Defendant and filed a supplemental memorandum in support of the motion. (ECF No. 185). The Government has responded in opposition. (ECF No. 186). For the following reasons, the Motion for Compassionate Release (ECF No. 182) is **DENIED**.

**I.**

On September 27, 2013, Defendant pled guilty to one count of wire fraud in violation of 18 U.S.C. § 1343, one count of conspiracy to engage in fraud involving personal identifying information in violation of 18 U.S.C. § 1028(f), and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A. (ECF. No. 80). This Court sentenced him to 100 months of imprisonment followed by three years of supervised released. (ECF. No. 130). Defendant is currently serving this sentence, which will be followed by consecutive sentences of twelve months for wire fraud and aggravated identity theft stemming from guilty pleadings in a different case. (*See United States v. Roma L. Sims*, Case No. 2:16-cr-197). Defendant has served approximately 73 months of his sentence. (Def. Supp. Mem. at PageID#753, ECF No. 185). According to the

Bureau of Prisons, he is to be released from the sentence imposed in this case on August 25, 2021. (*see* bop.gov; inmate locator).

On May 20, 2020, Defendant submitted a request for compassionate release to the warden of his prison, the Federal Correctional Institution in Miami, Florida (FCI). The warden denied this request on June 8, and Defendant was so informed on June 10, 2020. Defendant than appealed this denial on June 30, and on July 23, 2020, his appeal was denied. This denial included an explanation that Defendant could make a further appeal to the Regional Director of the Bureau of Prisons (BOP) within 20 days. (ECF No. 186-1). The time to make that appeal lapsed, and on August 27, 2020, Defendant filed a *pro se* motion for compassionate release with this Court.

## II.

Since 1984, when Congress passed the Sentencing Reform Act, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under limited circumstances. *See* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Prior to the passage of the First Step Act of 2018, district courts could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id*.

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute now provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term

of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

### III.

Through his motion Defendant requests his release from confinement or alternatively a transfer to home confinement. (ECF Nos. 182, 185). Defendant first argues that the Court may consider his motion because he has complied with the statutory exhaustion requirements of the compassionate release statute. (ECF No. 185 at 7). Defendant then submits that the COVID-19 pandemic is an "extraordinary and compelling" reason for his release, because his medical conditions combined with the conditions of his confinement place him at heightened risk of serious illness or death. (*Id.* at 15). Defendant believes that he is a suitable candidate for compassionate release because he does not pose a danger to the community if released. (EFC. No. 182 at 10). The Government opposes Defendant's release and maintains that the Defendant has failed to exhaust his administrative remedies. (ECF No. 186). Assuming without deciding that Defendant has exhausted his administrative remedies, Defendant has not shown extraordinary and compelling reasons for his release.

The Court is cognizant of the fact that Defendant's health conditions may collectively make him more susceptible to severe illness from COVD-19.[1] The Court is also mindful of the fact that prisons are potentially more conducive to COVID-19 spread than elsewhere. However, Defendant's concerns are shared by many prisoners with pre-existing medical conditions. The Court is not inclined to disturb its reasoned sentences based on COVID-19 expect in the most

---

[1] Defendant is a 41-year-old man with health problems that include hypothyroidism, acute pancreatitis, hypertension, amenia, scoliosis, and testicular hypofunction. (ECF No. 182-1).

extraordinary and compelling of cases. The Court is not convinced that COVID-19 in its current form presents such a threat to Defendant.

Further, Defendant must also serve an additional twelve-month sentence, imposed consecutively in Case no. 2:16-cr-197. While the Court notes Defendant has filed a similar motion in that case, before a different district judge, the undersigned has no authority over this sentence, meaning that a favorable disposition for Defendant in this case would not result in his release.

It also bears mentioning that the Court has considered the factors set forth in 18 U.S.C. § 3553(a) as they apply in this case and concludes that they do not support a reduction in Defendant's sentence. Defendant's offenses were very serious. The need for the sentence to reflect the seriousness of these crimes, promote respect for the law, provide just punishment, and afford adequate deterrence all weigh against Defendant's early release. 18 U.S.C. § 3553(a)(2)(A)-(B). Most significantly, the need for the sentence imposed to "protect the public from further crimes of the defendant" weighs heavily against an early release. 18 U.S.C. § 3553(a)(2)(C). At this time, with the collateral effects of COVID-19 ongoing, it would be imprudent to authorize the early release of a man with Defendant's history of wire fraud and identity theft.

For these reasons, Defendant's Motion for Compassionate Release (ECF No. 182) is **DENIED**.

**IT IS SO ORDERED.**

**10/19/2020**　　　　　　　　　　　　　　　s/Edmund A. Sargus, Jr.
**DATE**　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**